IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE CAPLAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CONNECTAMERICA.COM, LLC,<br><br>    Defendant. | CASE NO.: 1:25-CV-13728<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANT CONNECTAMERICA.COM, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

AND NOW, comes the Defendant, CONNECTAMERICA.COM, LLC, by and through its counsel, Paul Schor, Esquire, Gallager & Cavanaugh, LLP, Danielle M. Vugrinovich, Esquire, and Marshall Dennehey, P.C., and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1.      Admitted in part and denied in part. It is admitted that George Caplan filed the instant putative class action against ConnectAmerica.com under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227. However, the averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

2.      Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

3.      Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

**JURISDICTION AND VENUE**

4.      Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

5. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

6. Denied. After reasonable investigation into Defendant's call histories, it does not appear that Defendant has made any calls whatsoever to George Caplan as identified in the Complaint. It appears that the calls identified by George Caplan were made by another party not identified in this lawsuit. Strict proof is demanded of Plaintiff that the calls he alleges were received originated with Defendant.

## PARTIES

7. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

8. Admitted.

9. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

10. Denied as stated. Outbound calls are made by live agents and/or recorded communications to Defendant's existing customers and non-customers who provided consent to receive such contact.

## FACTUAL ALLEGATIONS

11. After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph; therefore, the same are denied.

12. After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph; therefore, the same are denied.

13. After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph; therefore, the same are denied.

14. It is admitted that Defendant has no record of Plaintiff being a customer of Defendant. By way of further response, and after an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

15. Denied. After an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

16. Denied. After an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

17. Denied. After an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

18. Denied. After an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating

from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

19. After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph; therefore, the same are denied.

20. Denied. After an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

21. After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph; therefore, the same are denied. By way of further response, the term "MedAlert" is used by an untold number of entities that sell medical aid devices to consumers. In contrast, Defendant does not use the term "MedAlert" in its calls to customers.

22. Denied. After an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

23. After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph; therefore, the same are denied. By way of further response, the term "MedAlert" is used by an untold number of entities that sell medical aid devices to consumers. In contrast, Defendant does not use the term "MedAlert" in its calls to customers.

24. Denied. After an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

25. After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph; therefore, the same are denied. By way of further response, the term "MedAlert" is used by an untold number of entities that sell medical aid devices to consumers. In contrast, Defendant does not use the term "MedAlert" in its calls to customers.

26. It is admitted that Connect America sells medical alert devices. Defendant does not use the term "MedAlert" in reference to its medical assistance systems. By way of further response, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

27. After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph; therefore, the same are denied.

28. After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph; therefore, the same are denied.

29. It is admitted that Defendant has no record of Plaintiff being a customer of Defendant. By way of further response, and after an investigation into the allegations in the

Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

30. It is admitted that Defendant has no record of Plaintiff being a customer of Defendant. By way of further response, and after an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

31. It is admitted that Defendant has no record of Plaintiff being a customer of Defendant. By way of further response, and after an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

32. It is admitted that Defendant has no record of Plaintiff being a customer of Defendant. By way of further response, and after an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

33. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

34. Denied. After an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

35. Denied. After an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

36. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

37. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

## CLASS ACTION ALLEGATIONS

38. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

39. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

40. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

41. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

42. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

43. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

44. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

45. After an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

46. It is admitted that Defendant has no record of Plaintiff being a customer of Defendant. By way of further response, and after an investigation into the allegations in the Complaint, Defendant has no record that the number identified by Plaintiff in his Complaint ever received calls originating from Defendant or any entity related to Defendant. Defendant's investigation demonstrates that Plaintiff has identified the wrong party as the Defendant in this lawsuit.

47. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

48. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

49. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

50. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

51. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

52. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

53. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

54. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

55. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

56. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

57. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

58. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

59. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

60. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

61. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

62. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

63. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

64. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

65. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

66. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227 (b)(1)(A)(iii)

67. Defendant incorporates its Answer and Affirmative Defenses as if fully set forth herein.

68. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

69. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

## PRAYER FOR RELIEF

Denied. The averments contained within the Prayer For Relief are conclusions of law to which no response is required; therefore, the same are denied.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all claims asserted against them so triable.

## AFFIRMATIVE DEFENSES

Preliminary discovery and investigation has revealed that one or more of the following defenses are or may become available to Stokes in this matter. Accordingly, Defendant asserts these defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts so warrant, Defendant may withdraw any of these defenses as may be appropriate.

Defendant reserves the right to amend these affirmative defenses, as additional information is obtained through discovery and/or otherwise.

### First Affirmative Defense

Plaintiff failed to state a claim for relief under the TCPA for which this Honorable Court might grant relief.

### Second Affirmative Defense

Defendant did not place any call, whether live, prerecorded, or artificial to Plaintiff's identified cellular telephone number and has no business records, dialer logs, or other data of any calls to that number originating from Defendant.

### Third Affirmative Defense

Any violation of the law or damage suffered by Plaintiff (which Defendant denies) was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to a claim for damages against Defendant.

### Fourth Affirmative Defense

Plaintiff has not suffered any injury in fact traceable to Defendant and, therefore, lacks the standing required to proceed with this action.

### Fifth Affirmative Defense

Plaintiff's claims are barred because the Complaint fails to plead facts sufficient to plausibly allege that Defendant (as opposed to another entity) initiated, caused, or was otherwise responsible for the alleged calls, including by relying on generic or industry-wide terminology not associated with Defendant.

### Sixth Affirmative Defenses

Defendant asserts that this suit may not be properly maintained as a class action because: (1) Plaintiff has failed to plead and cannot establish the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) individual issues of fact predominate; (4) Plaintiff's claims are not representative or typical of the putative class; (5) Plaintiff is not an adequate representative for the alleged putative class; and (6) Plaintiff cannot satisfy any of the requirements for class action treatment.

### Seventh Affirmative Defenses

Plaintiff's injunction remedy is barred in light of the fact that Plaintiff has an adequate remedy at law.

### CONCLUSION

WHEREFORE, Defendant demands judgment in its favor and against Plaintiff.

 Respectfully submitted,
/s/ Paul Schor

Paul Schor, BBO# 663523
Gallagher & Cavanaugh LLP
The Gaslight Building
22 Shattuck Street
Lowell, MA 01852
(978) 452-0522
pauls@gcattorneys.com


MARSHALL DENNEHEY, P.C.

BY: *[signature]*

Danielle M. Vugrinovich, Esquire
PA ID #88326
**Attorney for Defendant,
Connectamerica.com, LLC**
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
412 803-1185
412 803-1188/fax
dmvugrinovich@mdwcg.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day a true copy of the within document was served upon all counsel of record by email to:

| | |
|---|---|
| <u>1/23/2026</u> | <u>*/s/ Paul Schor*</u> |
| Date | Paul Schor |