**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| GEORGE CAPLAN, individually and on behalf of all others similarly situated, | : | No. 1:25-CV-13728-DLC |
| | : | |
| | : | |
| Plaintiff, | : | **JOINT STATEMENT** |
| | : | |
| v. | : | |
| | : | |
| CONNECTAMERICA.COM, LLC, | : | |
| | : | |
| Defendant. | : | |

_____/

Plaintiff George Caplan ("Plaintiff") and Defendant ConnectAmerica.com, LLC (together with Plaintiff, the "Parties"), through their undersigned counsel, submit this Report pursuant to Rule 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1.

## I.  FED. R. CIV. P. 26(F) REPORT

### A.  Nature and Basis of Claims

Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute regulating telemarketing practices. Specifically, Plaintiff alleges that Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent. Defendant disputes Plaintiff's allegations.

### B.  Possibilities of Settling or Resolving the Case

_Plaintiff's Position_

Pursuant to Local Rule 16(c) Plaintiff made a settlement demand to Defendant on January 27, 2026. Plaintiff is open to mediating a resolution to this matter on a class-wide basis. Plaintiff believes that mediation, at the appropriate time, which is after discovery into the size of the putative class is conducted, makes sense. Plaintiff disputes Defendant's contention that the calls alleged in

the Complaint were not made by or on behalf of Defendant. To assist Defendant in its investigation, Plaintiff's counsel has already produced two call recordings in which the caller expressly provides the domain www.medicalalert.com. The privacy policy for that website states that ConnectAmerica.com, LLC ("ConnectAmerica") is the owner and operator of the Medical Alert website, directly linking the recordings to Defendant and undermining Defendant's claim that the calls were placed by an unidentified third party.

*Defendant's Position*

For the reasons set forth in its filed Answer and the two call recordings that Plaintiff produced, Defendant believes that the specific calls Plaintiff claims he received did not originate with the Defendant and do not address any product or service offered by Defendant.  As such, Defendant believes that fact discovery is necessary and if it is determined that Plaintiff was contacted by Defendant, which Defendant denies, discovery with respect to the putative class size would be appropriate prior to engaging in mediation.

The Parties' certifications pursuant to Local Rule 16.1(d)(3) are being filed separately.

**C. Proposed Discovery Plan**

**1. Initial Disclosures (Rule 26(a))**

Plaintiff proposes that the Parties exchange initial disclosures on the same day. Defendant proposes that Plaintiff will serve his initial disclosures on or before February 16, 2026, and  Defendant will serve its initial disclosures on or before March 2, 2026.

**2. Scope, Timing, and Phasing of Discovery**

*Plaintiff's Statement*

Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of his claims

under the TCPA, in order to adequately prepare for trial, or oppose any summary judgment motion that Defendants may file. Plaintiff will seek discovery from Defendant and any third parties acting on its behalf regarding: (1) call data relating to Plaintiff and the putative class; (2) identification of class members; (3) TCPA compliance policies and procedures; (4) affirmative defenses; (5) Defendant's knowledge, negligence, or willfulness concerning the alleged TCPA violations; (6) document retention policies; (7) identification of relevant witnesses; (8) communications concerning telemarketing activities and any relationships with vendors making calls for Defendant; (9) ESI relating to any purported consent to receive prerecorded calls; and (10) telemarketing complaints received by Defendant and Defendant's responses. Plaintiff's proposed discovery schedule is included in Section IV.

**Plaintiff opposes bifurcating discovery, because the lines between "class discovery" and "merits discovery" are significantly blurred.** Indeed, "[class certification] analysis will frequently entail overlap with the merits of the Plaintiff' underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the Plaintiff' cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted). *Lakeland Reg'l Med. Ctr. v. Astellas US*, LLC, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine.") Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'")

For instance, Defendant's TCPA compliance communications and internal processes cannot be cleanly divided into "class" or "merits" discovery. Documents concerning dialing

practices, scripts, consent verification, opt-out procedures, compliance training, vendor oversight, and consumer complaints are necessary to assess whether Defendant engaged in a common course of conduct affecting the class and whether that conduct violated the TCPA. Depositions of corporate or vendor witnesses would necessarily traverse the same or similar topics regardless of any phasing of discovery. Similarly, Defendant's internal lead-acquisition and vetting policies, and communications with any vendor that may have supplied Plaintiff's data, are central to both class certification and the merits. Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, *9 (E.D. Pa. November 29, 2004).

Moreover, there is a real risk that the requested bifurcation will prejudice Plaintiff through the loss of evidence held by third parties, such as any third-party vendors involved in the maintenance of calling data related to the putative class. *See Hartley-Culp* 2014 U.S. Dist. LEXIS 130308 at *9 (denying similar request in another TCPA case after "find[ing] prejudice to Plaintiff if discovery was bifurcated" in the same manner requested here); *Sanaah v. Howell*, 2009 U.S. Dist. LEXIS 35260, *2 (D. Colo. 2009) ("with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."); *Saleh v. Crunch, LLC*, 2018 U.S. Dist. LEXIS 36764, at *5 (S.D. Fla. Feb. 28, 2018) (denying a stay in a TCPA case and noting that the "fading memory of any witness" is prejudicial). In denying a motion to stay, another federal court considered this issue in a TCPA case:

> In addition, Orangetheory has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. Simon, on the other hand, persuasively argues that she would be injured by

a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.

…

In the meantime, it is clear that critical evidence, including records from any third parties that Orangetheory may have contracted with for its telephone marketing, may be lost or destroyed.

*Simon v. Ultimate Fitness Grp., LLC*, Case No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *18, 21-22 (S.D.N.Y. Aug. 19, 2019).

Finally, contrary to Defendant's assertion that there is no information showing the calls were made by or on behalf of Defendant, Plaintiff's counsel has already produced to Defendant two call recordings in which the caller expressly provides the domain www.medicalalert.com to assist Defendant's investigation. The privacy policy for that website states that ConnectAmerica.com, LLC ("ConnectAmerica") is the owner and operator of the Medical Alert website, directly linking the calls to Defendant.[1] Against this backdrop, bifurcation would not promote efficiency or a "realistic assessment of the case" under Local Rule 16.1(d)(1)(B). Because Plaintiff has already produced evidence tying the calls to Defendant and because the issues of liability and class certification substantially overlap, simultaneous fact and class discovery is the most efficient and appropriate course.

*Defendant's Position*

Defendant's position is that discovery must first be required as to the proof that the calls that Plaintiff alleges were made by or on behalf of Defendant, were in fact made by the Defendant. There is no information in the Complaint or provided by counsel that has revealed in any of Defendant's records that the calls alleged were made by or on behalf of Defendant. As such,

---

[1] *See* https://www.medicalalert.com/privacy-policy/

Defendant anticipates discovery on all call recordings that Plaintiff possesses and other information he has to establish that Defendant placed calls to Plaintiff as alleged.

According to the Local Rule 16.1(d)(1(b), the parties are to:

> take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial. …

**Accordingly, Defendant requests that fact and class discovery be bifurcated.**  It would be a waste of judicial resources, time and expense to engage in fact and class discovery simultaneously only to have it established that the calls in question were not made by or on behalf of the Defendant.  Defendant's proposed bifurcated discovery and motions schedule is set forth in Section IV.

### 3.  Electronically Stored Information (ESI)

The Parties will strive to produce electronic documents in the form of multi-page, color, bates-numbered PDF images together with load files if reasonably available, or in native format. If possible, metadata shall be included in the load files to the extent the metadata is embedded in the individual electronic documents. Non-electronic documents shall be produced as multi-page, color, bates-numbered PDF images. If there are any issues with the production of ESI, the Parties will meet and confer and attempt to resolve them informally without need for Court intervention.

### 4.  Privilege, Work Product, and Rule 502 Issues

The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

### 5.  Discovery Limits and Modifications

The Parties do not anticipate any need for changes in the limitations on discovery. Should discovery show the need to limit or exceed any discovery limits, the Parties will attempt to reach an agreement on the scope of the discovery before seeking leave of Court to limit or exceed any discovery limits.

### 6.  Additional Case Management or Protective Orders

The Parties do not anticipate the need for other orders at this time.

## II.    Positions Regarding Liability and Relief Sought

*Plaintiff's Statement*

Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-emergency calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the putative class, using an artificial or prerecorded voice, without prior express consent. Plaintiff alleges that Defendant placed multiple prerecorded telemarketing calls advertising its medical alert devices to Plaintiff's cellular telephone number, which Defendant intended to reach someone other than Plaintiff, including calls to wrong or reassigned numbers. Plaintiff further alleges that Defendant lacked any valid consent to place such calls and failed to employ reasonable procedures to avoid calling reassigned or wrong numbers. Defendant's failure to use available tools to avoid calling reassigned numbers, such as the Reassigned Numbers Database, and failure to implement adequate safeguards before initiating the prerecorded calls at issue, is relevant to Defendant's knowledge and willfulness, and to the availability of enhanced statutory damages. Defendant asserts only general denials and boilerplate affirmative defenses, without identifying any facts to support any asserted defense.

Plaintiff seeks relief on behalf of himself and the proposed class including: (1) certification

of the proposed class pursuant to Rule 23; (2) statutory damages of $500 per violation pursuant to 47 U.S.C. § 227(b)(3)(B); (3) treble damages of up to $1,500 per violation pursuant to 47 U.S.C. § 227(b)(3) for knowing or willful violations; (4) declaratory and injunctive relief prohibiting Defendant from continuing to place unlawful prerecorded calls, including to wrong or reassigned numbers without consent; (5) attorneys' fees, costs, and expenses as permitted by law; and (6) such other relief as the Court deems just and proper.

*Defendant's Statement*

Plaintiff alleges that Defendant contacted him via his cellular telephone number (978)-496-XXXX and placed at least three (3) artificial or pre-recorded calls beginning in September of 2025, intending to reach someone else. Plaintiff alleges that two calls occurred on September 22, 2025 and another on October 6, 2025. Moreover, Plaintiff alleges that the three calls originated from the following three phone numbers, respectively: (978) 321—0716; (978) 591-6819; and (978) 233-1940. After reasonable investigation into Defendant's call histories, it does not appear that Defendant has made any calls whatsoever to George Caplan as identified in the Complaint. It appears that the calls identified by George Caplan were made by another party with no affiliation to the Defendant, and not identified in this lawsuit. The Complaint fails to plead facts sufficient to plausibly allege that Defendant (as opposed to another entity) initiated, caused, or was otherwise responsible for the alleged calls, including by relying on generic or industry-wide terminology not associated with Defendant. Without proof that such calls were made by Defendant to Mr. Caplan, class treatment is inappropriate.

### III.    Consent to Magistrate Judge

The Parties do not consent to the magistrate judge.

## IV.    Proposed Pretrial Schedule

*Plaintiff's Proposed Pretrial Schedule*

| | |
|---|---|
| Initial Disclosures | February 16, 2026 |
| Amend the Pleadings | May 27, 2026 |
| Class Certification | Proponent by: September 16, 2026<br><br>Respondent by: October 14, 2026<br><br>Reply in support: November 11, 2026 |
| Completion of Fact Discovery | November 11, 2026 |
| Expert Disclosures | Proponent by: October 14, 2026<br><br>Respondent by: November 11, 2026<br><br>Completion of expert depositions by December 9, 2026<br><br>Motion to exclude experts: January 13, 2027<br><br>Oppositions to motion to exclude experts: February 10, 2027<br><br>Reply in support: February 24, 2027 |
| All Discovery Motions | By January 13, 2027 |
| Completion of all Discovery | February 24, 2027 |
| Dispositive Motions | Proponent by: March 17, 2027<br><br>Respondent by: April 14, 2027<br><br>Reply in support: April 28, 2027 |
| Settlement Conference | May 2027; to be determined by court |
| Trial | July 2027; to be determined by the Court. |

*Defendant's proposed Pretrial Schedule*

| | |
|---|---|
| Initial Disclosures | Plaintiff: February 16, 2026<br><br>Defendant: March 2, 2026 |
| Amend the Pleadings | May 27, 2026 |
| Fact Discovery Deadline | June 30, 2026 |
| Motions for Summary Judgment on Fact Discovery | Moving Party Motion/Brief Deadline: August 15, 2026<br><br>Opposing Party Brief Deadline: September 15, 2026<br><br>Reply Brief Deadline: October 1, 2026 |
| Class Discovery Deadline | 150 days after disposition of Motion for Summary Judgment if denied. |
| Expert Disclosures | Plaintiff: 180 days after close of Class Discovery<br><br>Defendant: 210 days after close of Class Discovery<br><br>Completion of expert depositions 270 days after close of Class Discovery |
| Settlement Conference and Trial Dates | To be determined by the Court |

Respectfully submitted,                    Date: February 10, 2026

By: */s/ Carly M. Roman*
     Carly M. Roman (*Pro Hac Vice*)
     STRAUSS BORRELLI PLLC
     One Magnificent Mile
     980 N. Michigan Ave., Suite 1610
     Chicago, IL 60611
     Telephone: (872) 263-1100
     Facsimile: (872) 263-1109
     croman@straussborrelli.com

     Anthony I. Paronich
     PARONICH LAW, P.C.

10

350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff*


**MARSHALL DENNEHEY, P.C.**


BY: _____
Danielle M. Vugrinovich, Esquire
PA ID #88326
Admission *Pro Hac Vice*
**Attorney for Defendant,**
**Connectamerica.com, LLC**
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
412 803-1185
412 803-1188/fax
dmvugrinovich@mdwcg.com

/s/ Paul Schor, Esquire BBO# 663523
**Attorney for Defendant,**
**Connectamerica.com, LLC**

Gallagher & Cavanaugh LLP
The Gaslight Building
22 Shattuck Street
Lowell, MA 01852
(978) 452-0522
pauls@gcattorneys.com

11

## CERTIFICATE OF SERVICE

I, Carly M. Roman, hereby certify that on February 10, 2026, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to counsel of record, via the ECF system.

DATED this 10th day of February, 2026.

STRAUSS BORRELLI PLLC

By:  */s/ Carly M. Roman*
      Carly M. Roman
      STRAUSS BORRELLI PLLC
      One Magnificent Mile
      980 N. Michigan Ave., Suite 1610
      Chicago, IL 60611
      Telephone: (872) 263-1100
      Facsimile: (872) 263-1109
      croman@straussborrelli.com